UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE A. OVALLES ACOSTA,                           Case No.

                              Plaintiff,

            -vs.-
                                                          **COMPLAINT**

PRUDENT MANAGEMENT, LLC, 625
JACKSON REALTY CO. LLC, MENASHE
NEWHOUSE, MEIR M. NEWHOUSE, ORLANDO
"Doe" Last name being fictitious and unknown,
and MIKE "Doe" Last name being fictitious
and unknown,

                              Defendants.
-----------------------------------------------------------X

Plaintiff, JOSE A. OVALLES ACOSTA, by and through his attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby allege as follows:

## THE PARTIES

1.      Plaintiff, JOSE A. OVALLES ACOSTA, (hereinafter "Mr. Ovalles" or "Plaintiff") is an individual residing in the Bronx, New York.

2.      Upon information and belief, Defendant PRUDENT MANAGEMENT, LLC, (hereinafter "Prudent Management") was and is a Domestic Limited Liability Company whose principal place of business is located at 626 Trinity Avenue, Bronx, NY 10455.

3.      Upon information and belief, Defendant 625 JACKSON REALTY CO. LLC, (hereinafter "625 Jackson Realty") was and is a Domestic Limited Liability Company whose principal place of business is located at 625 Jackson Avenue, Bronx, NY 10455.

4.      Upon information and belief, Defendant MENASHE NEWHOUSE (hereinafter "Menashe") is an individual, whose actual place of business is located at 626 Trinity Avenue, Bronx, NY 10455.

5.      Upon information and belief, at all times herein pertinent, Defendant Menashe, served as a principal, officer and/or manager of Defendants Prudent Management and 625 Jackson Realty.

6.      Upon information and belief, Defendant Menashe is one of the ten members with the largest percentage ownership interest in Prudent Management.

7.      Upon information and belief, Defendant Menashe is one of the ten members with the largest percentage ownership interest in 625 Jackson Realty.

8.      Prior to the filing of this Complaint, Defendant Menashe was served with a notice pursuant to N.Y. Ltd. Liab. Co. Law § 609 for his ownership interest in Prudent Management.

9.     Prior to the filing of this Complaint, Defendant Menashe was served with a notice pursuant to N.Y. Ltd. Liab. Co. Law § 609 for his ownership interest in 625 Jackson Realty.

10.     Upon information and belief, Defendant MEIR M. NEWHOUSE, (hereinafter "Meir") is an individual, whose actual place of business is located at 626 Trinity Avenue, Bronx, NY 10455.

11.     Upon information and belief, at all times herein pertinent, Defendant Meir, served as a principal, officer and/or manager of Defendants Prudent Management and 625 Jackson Realty.

12.     Upon information and belief, Defendant Meir is one of the ten members with the largest percentage ownership interest in Prudent Management.

13.     Upon information and belief, Defendant Meir is one of the ten members with the largest percentage ownership interest in 625 Jackson Realty.

14.     Prior to the filing of this Complaint, Defendant Meir was served with a notice pursuant to N.Y. Ltd. Liab. Co. Law § 609 for his ownership interest in Prudent Management.

15.     Prior to the filing of this Complaint, Defendant Meir was served with a notice pursuant to N.Y. Ltd. Liab. Co. Law § 609 for his ownership interest in 625 Jackson Realty.

16.     Upon information and belief, Defendant ORLANDO "Doe", (hereinafter "Orlando") is an individual, whose actual place of business is located at 626 Trinity Avenue, Bronx, NY 10455.

17.     Upon information and belief, at all times herein pertinent, Defendant Orlando, served as a principal, officer and/or manager of Defendants Prudent Management and 625 Jackson Realty.

18.     Upon information and belief, Defendant MIKE "Doe", (hereinafter "Mike") is an individual, whose actual place of business is located at 626 Trinity Avenue, Bronx, NY 10455.

19.     Upon information and belief, at all times herein pertinent, Defendant Mike, served as a principal, officer and/or manager of Defendants Prudent Management and 625 Jackson Realty.

20.     Upon information and belief, for the calendar year 2014 the gross receipts of Prudent Management were not less than $500,000.00.

21.     Upon information and belief, for the calendar year 2015 the gross receipts of Prudent Management were not less than $500,000.00.

22.     Upon information and belief, for the calendar year 2016 the gross receipts of Prudent Management were not less than $500,000.00.

23.     Upon information and belief, for the calendar year 2017 the gross receipts of Prudent Management will not be less than $500,000.00.

24.     Upon information and belief, for the calendar year 2014 the gross receipts of 625 Jackson Realty were not less than $500,000.00.

25.     Upon information and belief, for the calendar year 2015 the gross receipts of 625 Jackson Realty were not less than $500,000.00.

26.     Upon information and belief, for the calendar year 2016 the gross receipts of 625 Jackson Realty were not less than $500,000.00.

27.     Upon information and belief, for the calendar year 2017 the gross receipts of 625 Jackson Realty will not be less than $500,000.00.

28.     Upon information and belief, the entity defendants Prudent Management and 625 Jackson Realty are operated under common ownership and under common management for a single intergraded business purpose, as a single intergraded enterprise.

29.     Upon information and belief Defendants Menashe and Meir own all the beneficial interest in the entity defendants Prudent Management and 625 Jackson Realty.

30.     Upon information and belief, Defendants Menashe and Meir conducted substantially all the management functions of defendants Prudent Management and 625 Jackson Realty.

31.     Upon information and belief, Defendants Menashe and Meir hired Defendants Orlando and Mike.

32.     Upon information and belief, the individual defendants consider and resolve payroll, scheduling, and human resource issues for all of the entity defendants. This includes, but is not limited to, assigning employees shifts, mode and methods of payment, and employment locations.

33.     Upon information and belief, funds taken in by each of the Entity Defendants is and was transferred amongst the other entity Defendants as necessary according to availability, cash flow needs, for minimization tax liability, and for various other management and accounting purposes.

34.     Upon information and belief, income received from each of the Entity Defendants was used to pay various expenses which should, according to generally accepted accounting principles, have been properly allocated to other Entity Defendants, including, but not limited to employee payroll.

35.     Upon information and belief, each of the entity defendants share and interchange employees insofar as employees who are employed by one of the Entity Defendants are sent to work for the others when the need arises.

6

36.     The entity defendants all use the same employee manuals, company letterhead, and payroll operations.

## *JURISDICTION AND VENUE*

37.     Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and related New York State Department of Labor regulations.

38.     Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

39.     At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

40.     At all times herein pertinent, Defendants, and each of them, accepted rent payments via check from out of state banks.

7

41.     At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce, including, but not limited to, cleaning supplies, trash bags, window cleaners, mops, brooms and hand trucks.

42.     Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

43.     Prudent Management is and enterprise engaged in real estate acquisition and/or management.

44.     625 Jackson Realty is and enterprise engaged in real estate acquisition and/or management.

45.     Mr. Ovalles was employed by the Defendants from on or about February 27, 2014 and is currently still employed with defendants.

46.     Mr. Ovalles was assigned various duties including, but not limited to, mopping, sweeping, window cleaning and general maintenance along with garbage collection, sorting and removal.

47.     Mr. Ovalles worked Monday through Saturday, inclusive, from 7:00AM until 7:00PM and Sundays from 7:00AM until 12:00PM.

48.     Mr. Ovalles was paid a salary of $400 every two weeks.

8

49.     The Defendants paid Mr. Ovalles in check.

50.     When Mr. Ovalles was paid by check, Prudent Management is one of the entities that appeared on the paystubs.

51.     Plaintiff did not receive the statutory minimum wage.

52.     The Plaintiff regularly worked for the Defendants in excess of forty (40) hours per work.  However, Plaintiff never received any overtime premium for work performed in excess of the forty-hour week.

53.     Defendants failed to pay Plaintiff spread of hours pay.

54.     At all times herein pertinent, the Plaintiff performed his duties for the corporate Defendants Prudent Management and 625 Jackson Realty, at the direction and under the control of Defendants Menashe, Meir, Orlando and Mike.

55.     Upon information and belief, Defendants Menashe, Meir, Orlando and Mike had the power to hire employees at Defendants Prudent Management and 625 Jackson Realty.

56.     Upon information and belief, Defendant Mike hired Plaintiff on or about the February 27, 2014.

57.     Upon information and belief, Defendants Menashe, Meir, Orlando and Mike had the power to fire employees at Defendants Prudent Management and 625 Jackson Realty.

58.     Defendants Orlando and Mike controlled the terms of the Plaintiff's employment in that he would tell him what tasks to complete and on what time frame they needed to be completed.

59.     Upon information and belief, Defendants Menashe, Meir, Orlando and Mike controlled the work schedule of all of the employees of Defendants Prudent Management and 625 Jackson Realty.

60.     Upon information and belief, Defendants Menashe, Meir, Orlando and Mike controlled the work schedule of the Plaintiff.

61.     Upon information and belief, Defendants Menashe, Meir, Orlando and Mike controlled the rates and methods of payment of each of the employees of Defendants Prudent Management and 625 Jackson Realty, including the Plaintiff's pay rate and methods of pay.

62.     At all times herein pertinent, the Plaintiff performed his duties for the Defendants Prudent Management and 625 Jackson Realty, at the direction and under the control of Defendants Menashe, Meir, Orlando and Mike.

63.     Upon information and belief, and at all times herein pertinent, Defendants Menashe, Meir, Orlando and Mike, exercised close control over the managerial operations of Defendants Prudent Management and 625 Jackson Realty, including the policies and practices concerning employees.

64.     At all times herein pertinent, Defendants Menashe, Meir, Orlando and Mike, controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Defendants Prudent Management and 625 Jackson Realty in general, and with respect to the Plaintiff in particular.

65.     At all times herein pertinent, Defendants Menashe, Meir, Orlando and Mike acted as Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

66.     The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages he earned.

67.     Plaintiff alternatively alleges that Defendants created records showing the number of hours Plaintiff worked and/or of wages he earned but upon information and belief, have not maintained them as required by law.

68.     Defendants failed to furnish Plaintiff with proper annual wage notices, as required by the NYLL.

11

69.     Defendants failed to furnish Plaintiff with a proper statement with every payment of wages, as required by the NYLL.

## *AS AND FOR A FIRST CAUSE OF ACTION*
## *FEDERAL FAIR LABOR STANDARDS ACT*
## *AGAINST THE DEFENDANTS, AND EACH OF THEM*
## *(MINIMUM WAGE)*

70.     Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

71.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

72.     The Defendants herein knowingly and willfully violated 29 U.S.C. § 206 by failing to pay Plaintiff the applicable minimum wage.

## *AS AND FOR A SECOND CAUSE OF ACTION*
## *FEDERAL FAIR LABOR STANDARDS ACT*
## *AGAINST THE DEFENDANTS, AND EACH OF THEM*
## *(FAILURE TO PAY OVERTIME)*

73.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

74.     Defendants were required to directly pay the Plaintiff an overtime premium of one and one half times the Plaintiff's regular rate of pay for all hours worked over forty (40) in a given workweek.

75.     Defendants failed to pay Plaintiff the overtime wages to which the Plaintiff is entitled under the FLSA.

76.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

**AS AND FOR A THIRD CAUSE OF ACTION**
**STATE MINIMUM WAGE ACT**
**AGAINST THE DEFENDANTS, AND EACH OF THEM**
**(MINIMUM WAGE)**

77.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

78.     The Defendants herein willfully and in bad faith violated Article § 650 by failing to pay the Plaintiff the applicable minimum wage.

**AS AND FOR A FORTH CAUSE OF ACTION**
**STATE WAGE AND HOUR LAW**
**AGAINST THE DEFENDANTS, AND EACH OF THEM**
**(FAILURE TO PAY OVERTIME)**

79.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

80.     Defendants have failed to pay Plaintiff the overtime premium of one and one half times the Plaintiff's regular rate of pay for all hours worked above forty in a given work week, to which the Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

81.     The Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and supporting New York State Department of Labor regulations by failing to pay the Plaintiff overtime pay at the premium rate of one and one half times Plaintiff's regular rate of pay.

<u>**AS AND FOR A FIFTH CAUSE OF ACTION**</u>
<u>**STATE WAGE AND HOUR LAW**</u>
<u>**AGAINST THE DEFENDANTS, AND EACH OF THEM**</u>
<u>**(FAILURE TO PAY SPREAD OF HOURS)**</u>

82.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

83.     The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay the Plaintiff, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

14

84.     Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

85.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### *AS AND FOR A SIXTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE ANNUAL WAGE NOTICES)*

86.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

87.     Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number

15

of the employer; plus such other information as the commissioner deems material and necessary.

88.    Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PROVIDE WAGE STATEMENTS)

89.    The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

90.    Defendants have willfully failed to furnish the Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

91.    Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

     a)  awarding back pay for minimum wage due and owing to the Plaintiff;

     b)  awarding back pay for overtime pay due and owing to the Plaintiff;

     c)  awarding back pay for spread of hours pay due and owing to the Plaintiff;

     d)  Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

     e)  awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

     f)  awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

     g)  awarding any other relief this Court deems just, proper and equitable.

Dated:  New York, New York
        October 4, 2017

                                 Respectfully submitted,
                                 LAW OFFICES OF WILLIAM CAFARO

                                 Amit Kumar (AK0822)
                                 Attorneys for Plaintiff
                                 108 West 39th Street, Suite 602
                                 New York, New York 10018
                                 (212) 583-7400
                                 AKumar@Cafaroesq.com
                                 Our File No.: 52941-LRS

17

To:

MENASHE NEWHOUSE
3 Pasadena Place
Spring Valley, NY 10977

MEIR M. NEWHOUSE
3 Pasadena Place
Spring Valley, NY 10977

PRUDENT MANAGEMENT, LLC
626 Trinity Avenue
Bronx, NY 10455

625 JACKSON REALTY CO. LLC
625 Jackson Avenue
Bronx, NY 10455

ORLANDO "Doe"
626 Trinity Avenue
Bronx, NY 10455

MIKE "Doe"
626 Trinity Avenue
Bronx, NY 10455

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE A. OVALLES ACOSTA,                          Case No.

                          Plaintiff,

            -vs.-

PRUDENT MANAGEMENT, LLC, 625
JACKSON REALTY CO. LLC, MENASHE
NEWHOUSE, MEIR M. NEWHOUSE, ORLANDO
"Doe" Last name being fictitious and unknown,
and MIKE "Doe" Last name being fictitious
and unknown,

                          Defendants.
-----------------------------------------------------------X

---

## COMPLAINT

---

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52941-LRS