UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSE A. OVALLES ACOSTA,

                Plaintiff,          Case No.  Case No.  1:17-cv-07590-VSB

      -vs.-

                                      **ANSWER**

PRUDENT MANAGEMENT, LLC, 625
JACKSON REALTY CO. LLC, MENASHE
NEWHOUSE, MEIR M. NEWHOUSE, EDISON
PEREZ, MIKE POLLAK, and JACOB
MINDICK,

                Defendants.
----------------------------------------------------------X

Defendants PRUDENT MANAGEMENT, LLC, 625 JACKSON REALTY CO. LLC, MENASHE NEWHOUSE, MEIR M. NEWHOUSE, EDISON PEREZ, MIKE POLLAK, and JACOB MINDICK (collectively referred to herein as the "Defendants"), by their undersigned attorneys, hereby answer the Complaint as follows:

1. Defendants deny knowledge or information necessary to form a conclusion as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in paragraphs 2, 3, 4, 5 of the Complaint.

3. Defendants admit the allegations contained in paragraphs 6 and 7 of the Complaint.

4. Defendants deny knowledge or information necessary to form a conclusion as to the truth of the allegations contained in paragraphs 8 and 9 of the Complaint.

5. Defendants deny the allegations contained in paragraphs 10, 11, 12, 13, 14 and 15 of the Complaint.

6. Defendants admit the allegations contained in paragraphs 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of the Complaint.

7. Defendants deny knowledge or information necessary to form a conclusion as to the truth of the allegations contained in paragraphs 28 through 37 of the Complaint.

8. Defendants deny the allegations contained in paragraphs 38 through 50 of the Complaint.

9. Defendants deny knowledge or information necessary to form a conclusion as to the truth of the allegations contained in paragraphs 51, 52, 53 and 54 of the Complaint.

10. Defendants deny the allegations contained in paragraph 55 of the Complaint.

11. Defendants deny knowledge or information necessary to form a conclusion as to the truth of the allegations contained in paragraph 56 of the Complaint.

12. Defendants deny the allegations contained in paragraphs 57 through 82 of the Complaint.

13. In response to the allegations contained in paragraph 83 of the Complaint, Defendants repeat and reallege each response heretofore made to each allegation referenced therein.

14. Defendants deny the allegations contained in paragraphs 84 and 85 of the Complaint.

15. In response to the allegations contained in paragraph 86 of the Complaint, Defendants repeat and reallege each response heretofore made to each allegation referenced therein.

16. Defendants deny the allegations contained in paragraphs 87, 88 and 89 of the Complaint.

17. In response to the allegations contained in paragraph 90 of the Complaint, Defendants repeat and reallege each response heretofore made to each allegation referenced therein.

18. Defendants deny the allegations contained in paragraph 91 of the Complaint.

19. In response to the allegations contained in paragraph 92 of the Complaint, Defendants repeat and reallege each response heretofore made to each allegation referenced therein.

20. Defendants deny the allegations contained in paragraphs 93 and 94 the Complaint.

21. In response to the allegations contained in paragraph 95 of the Complaint, Defendants repeat and reallege each response heretofore made to each allegation referenced therein.

22. Defendants deny the allegations contained in paragraphs 96, 97 and 98 the Complaint.

23. In response to the allegations contained in paragraph 99 of the Complaint, Defendants repeat and reallege each response heretofore made to each allegation referenced therein.

24. Defendants deny the allegations contained in paragraphs 100 and 101 the Complaint.

25. In response to the allegations contained in paragraph 102 of the Complaint, Defendants repeat and reallege each response heretofore made to each allegation referenced therein.

26. Defendants deny the allegations contained in paragraphs 103 and 104 the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff seeks causes of action and/or relief which are not provided for and/or which he is not entitled to under applicable laws.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has been paid all amounts that are required, and Defendants have complied with all that is required under applicable law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel, laches, unclean hands, and waiver.

## FIFTH AFFIRMATIVE DEFENSE

The Court lacks Subject Matter Jurisdiction over Plaintiff's claims.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants were not Plaintiff's "employer," under applicable laws.

### EIGHTH FFIRMATIVE DEFENSE

Defendants, at all times, acted reasonably, in good faith, and without any willful or intentional misconduct, to comply with the FLSA and New York Labor Law, and had reasonable grounds to believe that its actions did not violate the FLSA and New York Labor Law, and Defendants assert a lack of willfulness or intent to violate the FLSA and New York Labor law as a defense to any claim by Plaintiff for liquidated damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because some of the activities for which he demands compensation are de minimis under applicable law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by federal and/or state law.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiffs were exempt employees of Defendants as defined by the FLSA, New York Labor Law, and/or other applicable labor laws.

### TWELFTH AFFIRMATIVE DEFENSE

Even if Defendants failed to pay Plaintiffs appropriately for the activities alleged in the Complaint, to the extent that such activities do not constitute compensable work under the FLSA, New York Labor Law, and/or other applicable laws, they are entitled to no relief.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary to, or incidental to, their respective principal activities.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages.

### FIFTEENTH AFFIRMATIVE DEFENSE.

Plaintiff's claims are barred by accord and satisfaction.

### SIXTEENTH AFFIRMATIVE DEFENSE

There is no individual liability for Defendants for Plaintiff's causes of action.

Dated: November 7, 2018

        s/ Lewis Goldberg
        Lewis Goldberg
        *Goldberg and Weinberger LLP*
        56 Dayton Road
        Redding, CT 06896
        (203) 938-2105
        LG-0344
        *Attorneys for Defendants*
        *PRUDENT MANAGEMENT, LLC, 625*
        *JACKSON REALTY CO. LLC, MENASHE*
        *NEWHOUSE, MEIR M. NEWHOUSE, EDISON*
        *PEREZ, MIKE POLLAK, and JACOB MINDICK,*