## SETTLEMENT AGREEMENT,
## RELEASE AND WAIVER OF CLAIMS

This Settlement Agreement, Release and Waiver of Claims (the "Agreement"), entered into by and between Jose A. Ovalles Acosta ("Acosta") and Prudent Management, LLC ("Company");

WHEREAS, Acosta was employed as a building porter at 625 Jackson Avenue, Bronx, New York (the "Building"); and

WHEREAS, the Company operated as the Building's property manager; and

WHEREAS, incident to said employment, Acosta occupied a room in the Building (the "Apartment"); and

WHEREAS, Acosta has filed a lawsuit, Case No. 17-cv-07590 (the "EDNY Lawsuit") against Prudent Management, LLC, 625 Jackson Realty Co. LLC, Menashe Newhouse, Meir M. Newhouse, Edison Vazquez, Mike Pollack, and Jacob Mindick ("collectively referred to as hereinafter as "Defendants") alleging, *inter alia*, that Defendants violated both federal and New York State wage and hour laws with respect to Acosta; and

WHEREAS, Acosta has agreed to resign his employment with Defendants; and

WHEREAS, Acosta and the Company have determined that, to avoid the uncertainty and expense of litigation, it to be in their mutual interests to amicably settle and resolve (i) any and all wage and hour claims Acosta may have related to his employment by Defendants, as well as (ii) any and all claims Acosta may have related to the cessation of his employment with Defendants, as is more specifically described herein; and

NOW, THEREFORE, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

**1. Termination of Employment:** Acosta is deemed to have resigned his employment with the Company upon the (14th) fourteenth day following the latter of (i) his receipt of the First Settlement Payment, pursuant to this Agreement or (ii) an Order of the Court Approving the Settlement (the "Move Out Date"). Acosta agrees that he will not in the future re-apply for employment with or work for any of the Defendants, or any of the Defendant's parent corporations, subsidiaries, divisions, and affiliated entities. In the event Acosta unknowingly makes an application in violation of this proscription, he shall withdraw same immediately, once advised such fact.

1

**2. Surrender of Apartment:** Acosta, his family, and all other occupants, shall vacate the Apartment, and all other areas that any of them may occupy at the Building, on or before the Move Out Date. This Apartment shall be vacated in good condition, minus normal wear and tear, and broom clean. Acosta shall notify the Building of the date he intends to vacate the Apartment in order for a representative of the Building to inspect the Apartment in Acosta's presence. Acosta consents to the entry of a final order of possession and warrant of eviction for the Apartment, with the warrant to be stayed until the Move Out Date. In the event Acosta, his family, and all other occupants do not vacate his Apartment on or before 5:00 pm on the Move Out Date, leaving same in good condition, minus normal wear and tear, and broom clean, Defendants' counsel shall provide Plaintiff's counsel,  the law office of William Cafaro, with a notice to cure (the "Notice to Cure") via email to akumar@cafaroesq.com, and facsimile to (212) 583-7401.  Plaintiff shall have seven (7) calendar days from the date the Notice to Cure is delivered to Plaintiff's counsel to vacate the Apartment, as described above (the "Cure Period"). Should the Plaintiff fail to vacate the Apartment, as described above, within the Cure Period, Acosta shall forfeit, and shall not receive, any portion of the Settlement Amount set forth in paragraph 3 herein, and, further, shall be required to repay the First Settlement Payment to Defendants which are attributable to economic and non-economic damages. In such event, all other provisions of this Agreement, including, but not limited to, paragraphs 1 (Termination of Employment) and 6 (General Release), hereof, shall nevertheless remain in full force and effect.

**3. Settlement Amount:** Conditioned upon both (i) eight (8) days having passed without revocation having occurred, pursuant to paragraph 20, below (the "Effective Date"), and (ii) Acosta complying with the terms of Paragraph 2, above, Defendants shall pay Acosta the amount of Sixty Thousand Dollars ($60,000.00) (the "Settlement Amount"), inclusive of all fees and costs, as follows:

      (a)    Within thirty (30) days of the Court approving this settlement, Defendants shall make a payment of Ten Thousand Dollars and Zero Cents ($10,000.00) (the "First Settlement Payment") which shall be allocated as follows:

          i.  One check payable to "Jose A. Ovalles Acosta" in the amount of Three Thousand Nine Hundred Seventy Nine Dollars and Seventy Five Cents ($3,979.75),  less  all  applicable  tax  withholdings  and  deductions,

representing payment for Plaintiff's claims for alleged economic damages (including, but not limited to, unpaid wages);

ii. One check payable to "Jose A. Ovalles Acosta" in the amount of Three Thousand Nine Hundred Seventy Nine Dollars and Seventy Six Cents ($3,979.76), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages

iii. One check payable to "William Cafaro, PC" in the total amount of Two Thousand Forty Dollars and Forty Nine Cents ($2,040.49), representing payment for Plaintiff's claims for attorneys' costs.

(b)   Thirty (30) days following the date the First Settlement Payment is due, Defendants shall make a payment of Ten Thousand Dollars and Zero Cents ($10,000.00) (the "Second Settlement Payment,") which shall be allocated as follows:

i. One check payable to "Jose A. Ovalles Acosta" in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's claims for alleged economic damages (including, but not limited to, unpaid wages);

ii. One check payable to "Jose A. Ovalles Acosta" in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages.

(c)   Thirty (30) days following the date the Second Settlement Payment is due, Defendants shall make a payment of Ten Thousand Dollars and Zero Cents ($10,000.00) (the "Third Settlement Payment,") which shall be allocated as follows:

i. One check payable to "Jose A. Ovalles Acosta" in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's

3

claims for alleged economic damages (including, but not limited to, unpaid wages);

ii. One check payable to "Jose A. Ovalles Acosta" in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages.

(d)   Thirty (30) days following the date the Third Settlement Payment is due, Defendants shall make a payment of Ten Thousand Dollars and Zero Cents ($10,000.00) (the "Fourth Settlement Payment,") which shall be allocated as follows:

i. One check payable to "Jose A. Ovalles Acosta" in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's claims for alleged economic damages (including, but not limited to, unpaid wages);

ii. One check payable to "Jose A. Ovalles Acosta" in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages.

(e)   Thirty (30) days following the date the Fourth Settlement Payment is due, Defendants shall make a payment of Ten Thousand Dollars and Zero Cents ($10,000.00) (the "Fifth Settlement Payment,") which shall be allocated as follows:

i. One check payable to "William Cafaro, PC" in the total amount of Ten Thousand Dollars and Zero Cents ($10,000.00), representing payment for Plaintiff's claims for attorneys' fees.

(f)   Thirty (30) days following the date the Fifth Settlement Payment is due, Defendants shall make a payment of Ten Thousand Dollars and Zero Cents

($10,000.00) (the "Sixth Settlement Payment,") which shall be allocated as follows:

    i.  One check payable to "William Cafaro, PC" in the total amount of Ten Thousand Dollars and Zero Cents ($10,000.00), representing payment for Plaintiff's claims for attorneys' fees.

The Settlement Amount may be sent in any manner, but must be received by the office of Plaintiff's counsel by the close of business on the due date to be timely, provided however, that if the due date falls on a weekend or federally recognized holiday, the time for payment shall be deemed extended until the close of business on the next following business day.

    **4. <u>Default</u>:** In the event that any of the Settlement Amount descried herein are not received by the office of Plaintiff's counsel by the close of business on the due date, or any check given as payment hereunder is dishonored, Plaintiff's counsel shall provide Defendants' counsel, Lewis Goldberg, Esq. with a notice to cure (the "Notice to Cure") via email to LewGoldberg@aol.com and facsimile to 203-938-2106. Defendants shall have seven (7) calendar days from the date the Notice to Cure is delivered to Defendants' counsel to deliver the late Settlement Payment to Plaintiff's counsel (the "Cure Period"). Should the Defendants deliver the late Settlement Payment within the Cure Period, it shall be deemed to have been given on or before the due date of the respective Settlement Payment. After any such default which is not timely cured, the Plaintiff may enter judgment against the Defendants, and each of them, jointly and severally, in the amount of 150% of the unpaid balance of the Settlement Amount pursuant to the Confessions of Judgment in the Settlement Amount appended hereto as Exhibit "B." It is understood and acknowledged that if Plaintiff had prevailed in this litigation, and if the key issues of law and fact had been resolved in his favor, that the amount be could potentially have recovered, together with attorney's fees, may have been well in excess of 150% of the Settlement Amount. In light of the foregoing, the Defendants acknowledge neither this provision nor the appended Confession of Judgment constitute a penalty or forfeiture under the New York substantive law of contract, and after consultation with their counsel, they irrevocably warrant and covenant that no such argument shall ever be made in opposition to any motion for entry of judgement or for related relief, nor shall any such argument be made in support of any motion to vacate any default. It is also understood that this default provision was a *sine qua non* for extending the Defendants' time to make payment hereunder, and Plaintiff insisted upon this provision to ensure that the Settlement Payments are

given sufficient priority among the Defendants' other financial obligations. Except in the event of a default, counsel for Plaintiff shall hold the Confession of Judgment in escrow pending receipt of the Sixth Settlement Payment. Upon receipt of the Sixth Settlement Payment under this Agreement, counsel for Plaintiff shall return the Confession of Judgment to counsel for Defendants or destroy the Confession of Judgment upon written request of Defendants or their counsel. Any language contained herein to the contrary notwithstanding, the Defendants shall be entitled to no more than one (1) notice to cure. If there is a second occasion upon which payment is not received in the office of Plaintiff's counsel on the date required, or a second occasion upon which a check given in payment hereunder is dishonored, the Plaintiff and/or his counsel may enter judgment upon the confession given hereunder without service of any further notice to cure.

**5. No Other Monies Due:** Acosta acknowledges and agrees that he has been paid and/or has received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which he is, was or may have been entitled, and that he is not owed any compensation, wages, tips, fees, bonuses, commissions, and/or benefits, up to the date of this Agreement including, but not limited, any and all paid time off, vacation, sick days, moving expenses or any other wages, compensation, payments, or benefits due under the collective bargaining agreement. Anything in this paragraph notwithstanding, Acosta does not make any such acknowledgement or agreement for any monies which may be due to him from the Effective Date of this Agreement through to the Move Out Date, except that Acosta understands and agrees that during such period between Effective Date of this Agreement through to the Move Out Date shall not exceed twenty (20) hours per week.

**6. Release:** In exchange for and in consideration of the covenants and promises contained herein, Acosta, on behalf of himself and his children, spouse, agents, assignees, heirs, executors, administrators, beneficiaries, trustees, and legal representatives, hereby waive, discharge and release the Defendants and each of any and all of the Defendant's heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives, and managers (collectively referred to as "Releasees") from any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent, (hereinafter referred to as "claim" or "claims") which Acosta at any time has, had, claims, or claimed to have, against the Defendants regarding any matter from the beginning of his

6

employment through to the Effective Date of this Agreement arising out of, related to, and/or in connection with (i) his pay, his rate(s) of pay, overtime pay, minimum wage violations, spread of hours, recordkeeping violations, and/or any related wage and hour claims, including, but not limited to, those claims which were asserted in the EDNY Lawsuit, and (ii) any claim arising out of or related to the cessation of his employment, including, but not limited to, any claim alleging that the cessation of his employment constituted unlawful retaliation for his having brought or raised any of the claims being released herein, as well as any related attorney's fees and/or costs incurred in the prosecution of this litigation. The claims released herein arising out of or related to the cessation of his employment, include, without limitation, liability under any contract, tort, federal, state or local fair employment practices or civil rights laws, or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, Older Workers' Benefit Protection Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, the New York City Administrative Code, or any and all common law claims, including claims for breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorney's fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, except that nothing in this Agreement shall operate to preclude Acosta from enforcing, or shall adversely affect his right or ability to enforce, this Agreement. Nothing herein in this Agreement shall be deemed to waive any right Acosta may have to file any claim with any administrative agency where such claim can be filed. However, notwithstanding any such right to file an administrative claim, Acosta shall not recover any monetary damages and shall not be entitled to any individual relief on his behalf as a result of filing said administrative claim or an administrative claim that is filed on his behalf.

      **7. No Pending Claims:**  Acosta acknowledges and agrees that, other than the EDNY Lawsuit, he is not presently aware of any legal proceedings pending between Acosta, and/or his representatives, and the Releasees. Acosta shall not institute any action which has been released, for conduct which occurred prior to the Effective Date, against the Releasees with any federal,

state or local court or any administrative agency. Acosta also shall not accept any award or settlement with respect to any released claim, complaint, charge, lawsuit or other proceeding against the Releasees, whether as a member of a class or otherwise, for conduct through the Effective Date. In the event Acosta institutes, is a party or is a member of a class that institutes any released claim or action against the Releasees for conduct occurring prior to the Effective Date, Acosta agrees that his claims shall be dismissed, or class membership terminated immediately upon presentation of this Agreement. Acosta shall execute any papers necessary to achieve this end. Notwithstanding the foregoing in this paragraph, nothing herein shall bar Acosta from filing a complaint with an administrative agency where such claim cannot be waived but Acosta shall not recover any monies from this claim unless Acosta cannot waive such claim to said monies. Acosta shall not make or cause to be made any statements, observations or opinions, or communicate any information (whether oral or written) that defames the reputation of the Releasees. Acosta also shall not interfere in any manner with the operation of the Releasees.

**8. Denial of Wrongdoing:**  Nothing contained in this Agreement, nor the fact that Acosta has been paid any remuneration under it, shall be construed, considered or deemed to be an admission of liability or wrongdoing by the Releasees. Defendants specifically deny any liability, committing any wrongdoing or violating any legal duty with respect to Acosta, including with respect to Acosta's employment and including Acosta's pay while in Defendant's employ.

**9. Choice of Law:**  This Agreement shall at all times be construed and governed by the laws of the State of New York regardless of conflicts of laws principles.

**10. Entire Agreement:**  Acosta acknowledges and agrees that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understandings between the Parties hereto.  There is no other agreement except as stated herein.  Acosta acknowledges that Defendants have made no promises to him other than those contained in this Agreement.

**11. Modification:**  This Agreement may not be changed unless the change is in writing and signed by Acosta and his attorneys and an authorized representative of the Defendants.  In the event that any portion of this Agreement is deemed to be unlawful, the remaining provisions shall remain in effect to the extent possible.

**12. <u>Counterpart/Facsimile Signatures</u>**: This Agreement may be executed in two or more counterparts, all of which when taken together shall be considered one and the same agreement and shall become effective when counterparts have been signed by each party and delivered to the other party, it being understood that the parties need not sign the same counterpart. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of a ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page was an original thereof.

**13. <u>Court Approval:</u>** This Agreement is expressly contingent upon the Court's approval. Should the Court fail or refuse to approve this Agreement, this Agreement shall be deemed to be null and void for all purposes, and each party shall be relieved of all obligations contained herein. The Parties shall file an executed Stipulation of Dismissal, appended hereto as Exhibit "A" along with the request for settlement approval.

**14. <u>Section Headings:</u>** Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

**15. <u>Legal Fees</u>**: Each party will be responsible for its own legal fees or costs, if any, incurred regarding the negotiation and finalizing of this Agreement. However, if the Defendants default on their obligation to pay the Plaintiff the Settlement Amount, the Defendants shall also be responsible for any attorneys' fees and costs related to the entry of default and collection.

**16. <u>Jurisdiction/Venue</u>**: Venue for any dispute between the Parties shall be the United States District Court for the Southern District of New York ("District Court"). The dismissal with prejudice shall provide that the District Court shall retain jurisdiction over the Action for the purposes of enforcing the terms of this Agreement. If the District Court should refuse or decline to accept jurisdiction over the Agreement or the enforcement of same for any reason, the Parties agree that an action to enforce this Agreement may be filed in the Civil Court of the City of New York, County of New York or New York State Supreme Court, County of New York (depending on monetary value), and this provision shall be treated as a valid venue selection provision in any such state court in the event the District Court has declined or refused to accept jurisdiction for any reason. The Parties agree that a judgment may be entered in any such state court pursuant to

CPLR § 3215(i) with the same force and effect as if this Agreement were a stipulation resolving an action originally commenced in such state court, and the Defendants had defaulted thereon.

**17. Satisfaction with Terms:** This Agreement is entered into by the Parties without duress or undue influence of any kind on the part of any person, firm, or entity, in the free will of the Parties, and in consideration of the obligation of the Parties as set forth herein, and in consideration of the receipt of consideration and protections afforded the Plaintiff in the event of Defendants' default. The Parties acknowledge that they have not entered into this Agreement in reliance upon any inducement, representations or promise not otherwise contained herein, and that this Agreement supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof. The Parties have consulted with their attorneys of record in the Action regarding the terms of this Agreement and have resolved any questions they may have as to the meaning, effect or interpretation of this Agreement. The decision of the Parties to enter into this Agreement is a fully informed decision, and the Parties are aware of the legal and other ramifications of such decision. Given that all Parties having been represented by counsel and all counsel having read, discussed, and negotiated the provisions of this Agreement at arms' length, ambiguities in this Agreement, if any, shall not be resolved against either Party as the draftsman hereof.

**18. No Waiver:** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of such term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

**19. Effective Date:** The Effective Date of this Agreement shall by the eighth day following Acosta's execution of this Agreement.

**20. Waiver of ADEA Claim:** Acosta has been provided with the opportunity to have twenty-one (21) days to review this Agreement but he agrees that he does not require this time to review and consider whether to enter into this Agreement. Further:

    (a)    Acosta has seven (7) days following the execution of this Agreement to revoke this Agreement. The Agreement shall not become effective until seven (7) days after execution of it.

(b)     In the event Acosta does revoke this Agreement within said seven (7) days, the Agreement shall be null and void. Acosta will notify the Company, in writing, within said seven (7) days of the execution of this Agreement that he has revoked the Agreement. Notice of revocation must be sent to the following: Email to Lewgoldsberg@aol.,com and Certified Mail/ Return Receipt Requested to Lewis Goldberg, Esq., 56 Dayton Road, Redding, CT 06896.

(c)     Acosta understands and agrees that he would not be entitled to receive the consideration specified herein except for the execution of this Agreement and the fulfillment of promises and covenants that pertain to him.

(d)     Acosta specifically acknowledges and agrees that he releases and discharges the Releasees from claims under the Age Discrimination in Employment Act, 29 U.S.C. Section 621, *et seq.*, as amended.

(e)     Acosta is hereby advised of him right to consult with an attorney before signing this Agreement, which includes a General Release.

(f)     Notwithstanding the foregoing, nothing in this Agreement shall be deemed to impose on Acosta any condition precedent, penalty or other limitation on Acosta's right to challenge his waiver of his claims under the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et. seq or to require the return of monies other than in accordance with the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et. seq.

**AGREED AND ACCEPTED:**

Jose A. Ovalles Acosta

Dated: 4/2/19

AGREED AND ACCEPTED:

Prudent Management, LLC

By: _Moshe Newhouse_ Title: _Menager_

Dated: _4/29/19_

AGREED AND ACCEPTED:

625 Jackson Realty Co., LLC

By: _Moshe Newhouse_ Title: _Menager_

Date: _4/29/19_

AGREED AND ACCEPTED:

Menashe Newhouse

Date: _4/29/19_

12

AGREED AND ACCEPTED:

_____

Meir M. Newhouse

Date: _____

AGREED AND ACCEPTED:

Edison L Perez

Edison Perez

Date: 4/30/19

AGREED AND ACCEPTED:

_____

Mike Pollack

Date: _____

13

**AGREED AND ACCEPTED:**

_____

Meir M. Newhouse

Date: _____


**AGREED AND ACCEPTED:**

_____

Edison Perez

Date: _____


**AGREED AND ACCEPTED:**

_____

Mike Pollack

Date: ____4/25/11____

13

**AGREED AND ACCEPTED:**

_____

Jacob Mindick

Date: _____4/29/19_____

14

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

JOSE A. OVALLES ACOSTA,                                    Case No. 17-cv-07590

                              Plaintiff,

              -vs.-

PRUDENT MANAGEMENT, LLC, 625
JACKSON REALTY CO. LLC, MENASHE
NEWHOUSE, MEIR M. NEWHOUSE,
EDISON PEREZ, MIKE POLLACK, and
JACOB MINDICK,

                              Defendants.
-------------------------------------------------------X

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned
Parties, through their respective counsel, that the above action be and is hereby dismissed with
prejudice, without costs to either party.

The Court shall retain jurisdiction over the settlement for the purposes of the enforcement
of the provisions thereof.

Dated: New York, NY                          Dated: New York, NY

May 2        , 2019                          May 2        , 2019


**LAW OFFICES OF WILLIAM CAFARO**           **GOLDBERG & WEINBERGER, LLP**




William Cafaro, Esq.                         Lewis S. Goldberg, Esq.
Amit Kumar, Esq.                             Stuart A. Weinberger, Esq.
108 West 39th Street, Suite 602              630 Third Avenue, 18th Floor
New York, New York 10018                     New York, NY 10017
(212) 583-7400                               (212) 867-9595
*Attorneys for Plaintiff*                    *Attorneys for Defendants*


                    SO ORDERED this ____ day
                    of _____, 2019


                    _____

                              16

# EXHIBIT "B"

## AFFIDAVIT FOR JUDGMENT BY CONFESSION

STATE OF NEW YORK     )
                            )   ss.:
COUNTY OF NEW YORK   )

The Undersigned, being duly sworn, depose and say:

1. The undersigned entities are Defendants in an Action in the United States District Court for the Southern District of New York, Case No. 17-cv-07590 (the "Action").

2. I am duly authorized, in my capacity as authorized agent of the undersigned defendant, to make this affidavit pursuant to § 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against the undersigned entities in the Action.

3. The principal place of business, dwelling place, or usual place of abode for Prudent Management, LLC is 626 Trinity Avenue, Bronx, NY 10455.

4. The principal place of business, dwelling place, or usual place of abode for 625 Jackson Realty Co. LLC, is 625 Jackson Avenue, Bronx, NY 10455.

5. This confession of judgment is for a debt justly due to Jose A. Ovalles Acosta and/or his attorneys pursuant to a certain Settlement and Release Agreement ("Agreement") which resolved the Action, involving certain wage and hour claims made by Jose A. Ovalles Acosta ("Plaintiff"). Plaintiff was an employee of each of the undersigned. The Action alleged certain violations of the Fair Labor Standards Act and the New York Labor Law.

6. In March 2019, the Parties entered into a Settlement Agreement– to which this affidavit is attached as Exhibit B.

7. Under the terms of the Settlement Agreement if Defendants are in default in the payment of any of the installments, Plaintiff shall provide notice to cure. If Defendants fail to cure this default within five days they shall be held jointly and severally liable for 150% of the unpaid balance plus reasonable attorneys' fees and costs incurred by Plaintiff in prosecuting the default action and collecting the sum.

8. The undersigned Defendants acknowledge they are only entitled to one (1) notice to cure over the entire period the payments are due. If more than one event occurs which gives rise to a notice to cure being sent, no notice to cure need be sent on the second such occasion, and judgment may be entered on default without notice to cure.

9. The undersigned Defendants hereby confess judgment, and authorize entry of judgment by the Plaintiff and/or his attorneys against us, jointly and severally in the amount of 150% of the unpaid balance. William Cafaro, PC, shall also have the right to enter judgment against us, jointly and severally, if all other conditions required for the entry of judgment are met.

18

10. Any signature by the Undersigned Defendants may be signed by pdf, e-mail, by facsimile, or by any other medium capable of reliable reproduction, and the same shall be valid as against the party to be charged.

11. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction against me personally and against the Corporate Defendants.

Prudent Management LLC

Dated: _4/29/19_

By: _____
Officer and Authorized
Representative

STATE OF _New York_ )
                              )ss.:
COUNTY OF _Rockland_ )

On _April 29_ 2019 before me personally came _Moshe Newhouse_ and acknowledged him/herself to be an officer and an Authorized Representative of PRUDENT MANAGEMENT LLC and that s/he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing his/her name on behalf of the corporation by him/herself as an officer and an Authorized Representative.

Frady Makowsky
Notary Public-State Of NY
Id No: 01MA6106317
Rockland County
Expires: 03/01/2008
                    2020

_____
Notary Public

Prudent Management LLC

Dated: _4/29/19_

By: _____
Officer and Authorized
Representative

STATE OF _New York_ )
                              )ss.:
COUNTY OF _Rockland_ )

On _April 29_ 2019 before me personally came _Moshe Newhouse_ and acknowledged him/herself to be an officer and an Authorized Representative of PRUDENT MANAGEMENT LLC and that s/he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing his/her name on behalf of the corporation by him/herself as an officer and an Authorized Representative.

Frady Makowsky
Notary Public-State Of NY
Id No: 01MA6106317
Rockland County
Expires: 03/01/2008
                    2020

_____
Notary Public

19

## AFFIDAVIT FOR JUDGMENT BY CONFESSION

STATE OF NEW YORK      )
                           )   ss.:
COUNTY OF NEW YORK   )

The Undersigned, being duly sworn, depose and say:

1.   The undersigned are Defendants in an Action in the United States District Court for the Southern District of New York, Case No. 17-cv-07590 (the "Action").

2.   I am duly authorized, in my personal capacity as a defendant in this Action, to make this affidavit pursuant to § 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against the undersigned entities in the Action.

3.   My principal place of business, dwelling place, or usual place of abode is 626 Trinity Avenue, Bronx, NY 10455.

4.   This confession of judgment is for a debt justly due to Jose A. Ovalles Acosta and/or his attorneys pursuant to a certain Settlement and Release Agreement ("Agreement") which resolved the Action, involving certain wage and hour claims made by Jose A. Ovalles Acosta ("Plaintiff"). Plaintiff was an employee of each of the undersigned. The Action alleged certain violations of the Fair Labor Standards Act and the New York Labor Law.

5.   In March 2019, the Parties entered into a Settlement Agreement– to which this affidavit is attached as Exhibit B.

6.   Under the terms of the Settlement Agreement if Defendants are in default in the payment of any of the installments, Plaintiff shall provide notice to cure.  If Defendants fail to cure this default within five days they shall be held jointly and severally liable for 150% of the unpaid balance plus reasonable attorneys' fees and costs incurred by Plaintiff in prosecuting the default action and collecting the sum.

7.   The undersigned Defendants acknowledge they are only entitled to one (1) notice to cure over the entire period the payments are due.  If more than one event occurs which gives rise to a notice to cure being sent, no notice to cure need be sent on the second such occasion, and judgment may be entered on default without notice to cure.

8.   The undersigned Defendants hereby confess judgment, and authorize entry of judgment by the Plaintiff and/or his attorneys against us, jointly and severally in the amount of 150% of the unpaid balance. William Cafaro, PC, shall also have the right to enter judgment against us, jointly and severally, if all other conditions required for the entry of judgment are met.

9.   Any signature by the Undersigned Defendants may be signed by pdf, e-mail, by facsimile, or by any other medium capable of reliable reproduction, and the same shall be valid as against the party to be charged.

10. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction against me personally and against the Corporate Defendants.

**SIGNED AND AGREED TO:**

_____

Menashe Newhouse

Date: _4/29/19_

STATE OF _New York_ }
                        }S.S.
COUNTY OF _Rockland_ }

On _April 29_, 2019, before me personally came Menashe Newhouse to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

Frady Makowsky
Notary Public-State Of NY
Id No: 01MA6106317
Rockland County
Expires: 03/01/2006
2020

**[THIS SECTION INTENTIONALLY LEFT BLANK]**

21

**SIGNED AND AGREED TO:**

_____

Meir M. Newhouse

Date: _____

STATE OF _____        }
                                }S.S.
COUNTY OF _____          }

On _____, 2019, before me personally came Meir M. Newhouse to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____

NOTARY PUBLIC

**SIGNED AND AGREED TO:**

_____

Edison Perez

Date: _____

STATE OF _____        }
                                }S.S.
COUNTY OF _____          }

On _____, 2019, before me personally came Edison Perez to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____

NOTARY PUBLIC

**SIGNED AND AGREED TO:**

_____
Mike Pollack

Date: 4/22/19

STATE OF  NY

COUNTY OF  Kings                    }
                                    }S.S.
                                    }

On 2th APn, 2019, before me personally came Mike Pollack to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

                              Moshe D. Weissmandl
                              Notary Public, State of New York
                              No. 01WE6175844
                              Qualified in Kings County
                              Commission Expires Oct. 22, 20 19

**SIGNED AND AGREED TO:**

_____
Jacob Mindick

Date: _____

STATE OF _____

COUNTY OF _____        }
                                  }S.S.
                                  }

On _____, 2019, before me personally came Jacob Mindick to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

23

**SIGNED AND AGREED TO:**

_____

Mike Pollack

Date: _____

STATE OF _____     }
                            }S.S.
COUNTY OF _____      }

On _____, 2019, before me personally came Mike Pollack to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____

NOTARY PUBLIC

**SIGNED AND AGREED TO:**

_____

Jacob Mindick

Date: _____4/29/19_____

STATE OF _New York_     }
                        }S.S.
COUNTY OF _Rockland_    }

On _Apr. 29_, 2019, before me personally came Jacob Mindick to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____

NOTARY PUBLIC

Frady Makowsky
Notary Public-State Of NY
Id No: 01MA6106317
Rockland County
Expires: 03/01/2020

23