```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOSE A. OVALLES ACOSTA,                                     :
                                                            :
                              Plaintiff,                    :
                                                            :        17-CV-7590 (VSB)
                   -v-                                      :
                                                            :
PRUDENT MANAGEMENT, LLC,                                    :            ORDER
                                                            :
                              Defendant.                    :
------------------------------------------------------------X
```

<u>USDC SDNY</u>
<u>DOCUMENT</u>
<u>ELECTRONICALLY FILED</u>
DOC #: _____
DATE FILED: 7/23/2020

<u>VERNON S. BRODERICK</u>, United States District Judge:

The parties have advised me that they have reached a settlement in this Fair Labor Standards Act ("FLSA") case. (Doc. 59.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). Because the settlement agreement contains an overbroad release, I do not find that it is fair and reasonable and the parties' request for settlement approval is DENIED.

**I.      Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud

or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 2020 WL 550470, at *6 (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). "When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

**II.** **Discussion**

The parties have submitted a letter with exhibits detailing why they believe the settlement reached in this action, and the contemplated attorney's fees and costs, are fair and reasonable. (Doc. 59).

**A.** *Settlement Amount*

I first consider the settlement amount. The agreement provides for a settlement amount of $60,000, with $20,000 of that amount to be distributed in attorney's fees and $2040.49 in costs to be disbursed to counsel, resulting in a total payment to Plaintiff of $37,959.51. (Doc. 59, at 4.) Counsel represents that Plaintiff's maximum recovery in this case would be $106,972.5. (*Id.* at 2.) That figure does not appear to include liquidated damages, (Doc. 59-2), which are

provided for by the FLSA at a rate of 100 percent of unpaid wages. *See Reyes v. Cafe Cousina Rest. Inc.*, No. 18-CV-1873 (PAE) (DF), 2019 WL 5722475, at *5 (S.D.N.Y. Aug. 27, 2019), *report and recommendation adopted,* No. 18-CIV-1873 (PAE) (DF), 2019 WL 5722109 (S.D.N.Y. Oct. 7, 2019). However, even accounting for a larger maximum recovery, I find the settlement amount to be reasonable in light of the procedural history of this case and the risks of proceeding with the litigation.

Plaintiff alleges that he was paid a fixed biweekly salary that did not pay him at the minimum wage rate of pay, and did not provide him with appropriate overtime and spread of hours premiums. (*Id.* at 1–2.) Plaintiff also alleges that he is entitled to damages for Defendant's statutory record-keeping violations. (*Id.* at 2.) Defendants deny these allegations. (*Id.*) The parties engaged in extensive paper discovery and Defendants took Plaintiff's deposition before the parties arrived at this agreement, suggesting that the settlement amount reflects the strengths of the parties' respective cases based on the documentary evidence available. Continuing further with the litigation would introduce uncertainty and Plaintiff would have to expend time and money on discovery, motion practice, and trial. In addition, any recovery Plaintiff did eventually receive would be delayed. Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement. The parties' settlement agreement appears to have been the result of arm's-length negotiations between counsel experienced in wage and hour matters, following extensive discovery, including depositions. Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement agreement, with the exception of the release clause, appears to be a fair and reasonable resolution of this dispute.

B. *Attorney's Fees*

I next consider the attorney's fees contemplated in the settlement agreement. Counsel seeks $20,000 in fees, which represents about one-third of the total settlement amount, plus additional costs in the amount of $2,040.49. (*Id.* at 4–5.) In support of this request, Plaintiff's counsel has submitted its billing records and costs in this case. (Doc. 59-3.) Counsel states that the that the costs requested do not include a copy of the transcript of one of the depositions taken. (Doc. 59, at 4 n.3.)

As an initial matter, courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)). Further, Plaintiff's counsel has expended 112.8 hours of time in this case, including engaging in document discovery and participating in mediation, as well as dealing with the specific issues that arose in this case when Defendants' counsel absconded in the middle of settlement discussions. A one-third award in this case therefore represents reasonable compensation for the work put in by counsel.

The requested amount of attorney's fees represents a negative multiplier of .64 on a lodestar of $31,020, which is well within the range of multipliers that courts in this district approve as reasonable. *See Montalvo v. Flywheel Sports, Inc.*, 2018 WL 7825362, at *6 (S.D.N.Y. July 27, 2018) ("Given that courts in this district will often approve lodestar multipliers between two and four times, counsel's requested fee appears reasonable."); *Johnson v. Brennan*, No. 10-CV-4712 (CM), 2011 WL 4357376, at *20 (S.D.N.Y.

Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar.").

Accordingly, I find the amount of attorneys' fees requested to be reasonable.

### C. Overbroad Release

The settlement agreement contains a sweeping "Release" provision that I find to be overbroad. (*See* Doc. 59-1 ¶ 6.) "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). In particular, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). For these reasons, courts in this District typically require releases to be limited to the claims at issue in the action or to claims arising up to the date of the agreement under the wage and hour statutes pursuant to which the plaintiff has brought his action. *See Aguilar v. N & A Prods. Inc.*, No. 19-CV-1703 (RA), 2019 WL 7293362, at *1 (S.D.N.Y. Dec. 30, 2019); *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

Under the settlement agreement here, Plaintiff releases Defendants not only from wage-and-hour claims, but also from any claim arising out of or related to "the cessation of his employment" including any claims based on violations of contract law, tort law, and civil state

and federal civil rights laws.  (*See* Doc. 59-1, at ¶ 6.)  These provisions are plainly overbroad as they require Plaintiff to waive a broad set of claims that goes far beyond wage and hour issues or the claims at issue in this lawsuit.  *Velazquez v. Estate of Antonier*, No. 16-CV-5605 (HBP), 2017 WL 5067577, at *4 (S.D.N.Y. Nov. 2, 2017) (rejecting settlement agreement that released defendant from "all claims relating to, arising out of, or in any way connected with [ the plaintiff's] former employment, the cessation of that employment, the compensation or benefits payable in connection with that employment or the cessation of that employment and/or any other interaction with [the defendant] that occurred prior to the date of approval of this settlement by the Court").  Although some courts in this district have approved release provisions on the basis of their mutuality, *see, e.g.*, *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-CV-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016), the parties offer no basis for finding that this release provision provides Plaintiff any benefit, comparable or otherwise, particularly given that the only claims asserted in the complaint were wage and hour claims.  (*See* Doc. 1.)  "The fact that the general release is styled as mutual, although favoring the settlement, does not salvage it, absent a sound explanation for how this broad release benefits the plaintiff employee."  *Gurung*, 226 F. Supp. 3d at 229; *see also Martinez v. SJG Foods LLC*, No. 16-CV-7890 (RA), 2017 WL 2169234, at *2 (S.D.N.Y. May 16, 2017).  In fact, the parties' joint letter makes no reference whatsoever to the relevant release provision.

Accordingly, this provision does not meet the standards for approval established by courts in this district, and dooms the settlement.

### III.  Conclusion

For the reasons stated above, I find that the overbroad release in the proposed settlement agreement renders the agreement not fair and reasonable.  Accordingly, the parties' request that I

approve the proposed settlement agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement within thirty (30) days of the date of this Order that cures the deficiencies discussed above; or

2. Filing a joint letter within thirty (30) days of the date of this Order that either (1) requests an extension of time or (2) indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated:   July 23, 2020
         New York, New York

Vernon S. Broderick
United States District Judge